# EXHIBIT 1

# General Civil Case Filing Information Form (Non-Domestic)

Court _____ County __FULTON__ _____ Date Filed _____
☒ Superior
☐ State     Docket # __4C14CV244765__     MM-DD-YYYY

Plaintiff(s)

__Anderson, Amy__
Last   First   Middle I. Suffix Prefix   Maiden

__Heard, Amber__
Last   First   Middle I. Suffix Prefix   Maiden

__Castell, Holly__ ?
Last   First   Middle I. Suffix Prefix   Maiden

__Allen Joshua__
Last   First   Middle I. Suffix Prefix   Maiden

__Gillman, Jonathan__
No. of Plaintiffs __5__

Defendant(s)

__RMG Corporation, d/b/a The Meltin Pot__
Last   First   Middle I. Suffix Prefix   Maiden

__Gunn, Mark W.__
Last   First   Middle I. Suffix Prefix   Maiden

__Gunn, Sexy Robert M.__
Last   First   Middle I. Suffix Prefix   Maiden

Last   First   Middle I. Suffix Prefix   Maiden

No. of Defendants __3__

Plaintiff/Petitioner's Attorney    ☐ Pro Se

__Mitchell, Mitchell D.__
Last   First   Middle I.   Suffix

Bar # __049888__

[stamp] APR 0 8 2014

Check Primary Type (Check only ONE)

☐ Contract/Account

☐ Wills/Estate

☐ Real Property

☐ Dispossessory/Distress

☐ Personal Property

☐ Equity

☐ Habeas Corpus

☐ Appeals, Reviews

☐ Post Judgment Garnishment, Attachment, or Other Relief

☐ Non-Domestic Contempt

☐ Tort (If tort, fill in right column)

☒ Other General Civil Specify __Fair Labor Standards Act ("FLSA")__

If Tort is Case Type:
(Check no more than TWO)

☐ Auto Accident

☐ Premises Liability

☐ Medical Malpractice

☐ Other Professional Negligence

☐ Product Liability

☐ Other Specify _____

_____

Are Punitive Damages Pleaded? ☐ Yes ☐ No

DISCLOSURE STATEMENT
CLERK OF SUPERIOR COURT


CASE NUMBER _7c/4 C V 244 765_
Assigned by Clerk

Amy Anderson, Amber Heard, Holly Castell, Joshua Allen, et al.
PLAINTIFF

VS.

PMG Corporation, d/b/a The Melting Pot,
Mark W. Gunn and Robert M. Gunn, Sr.
DEFENDANT


# TYPE OF ACTION

1. ____ Divorce without Agreement Attached
2. ____ Divorce with Agreement Attached
3. ____ Domestic Relations
4. ____ Damages arising out of Contract
5. ____ Damages arising out of Tort
6. ____ Condemnation
7. ____ Equity
8. ____ Zoning – County Ordinance violations (i.e. Injunctive relief-zoning)
9. ____ Zoning Appeals (denovo)
10. ____ Appeal, Including denovo appeal – excluding Zoning

11. ____ URESA
12. ____ Name Change
13. _y_ Other
14. ____ Recusal

____ Adoption

***FLSA – Fair Labor Standars Act


# PREVIOUS RELATED CASES

Does this case involve substantially the same parties, or substantially the same subject matter, or substantially the same factual issues, as any other case filed in this court? (Whether pending simultaneously or not.)

_X_ NO

____ YES – If yes please fill out the following:
   1. Case # _____
   2. Parties _____ vs. _____
   3. Assigned Judge _____
   4. Is this case still pending? ____ Yes ____ No
   5. Brief description of similarities:

_____

_____

Mitchell Benjamin   w/ express permission

Attorney or Party filing suit
Mitchell D. Benjamin

Form #0122
Revised 05/20/02

## IN THE SUPERIOR COURT OF FULTON COUNTY
### STATE OF GEORGIA

AMY ANDERSON, AMBER HEARD, HOLLY
CASTELL, JOSHUA ALLEN and JONATHAN
GILLMAN, Individually and On Behalf of All
Others Similarly Situated,

                      **Plaintiff**

vs.

RMG CORPORATION, d/b/a THE MELTING
POT, MARK W. GUNN and ROBERT M. GUNN,
SR.

                      **Defendants**

CIVIL ACTION FILE

NO. _2014 CV 244 765_

### SUMMONS

**TO THE ABOVE NAMED DEFENDANT:** RMG Corporation, d/b/a The Melting Pot

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> Mitchell D. Benjamin, Esq.
> Billips & Benjamin LLP
> One Tower Creek
> 3101 Towercreek Parkway, Suite 190
> Atlanta, Georgia 30339

an Answer to the Complaint which is herewith served upon you, within 30 days after the service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. If discovery request are served with the Complaint, the Discovery Responses are due 45 days following the service of the Complaint.

This ___8___ day of _April_____, 2014.

                        **Catheleen "Tina" Robinson**
                        **Clerk of Superior Court**

                        By _____
                            **Deputy/Clerk**

To Defendant upon whom this petition is served:

This copy of Complaint and Summons was served upon you _____, 2014.

_____ Deputy Sheriff

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| AMY ANDERSON, AMBER HEARD,<br>HOLLY CASTELL, JOSHUA ALLEN and<br>JONATHAN GILLMAN,<br>Individually And On Behalf of All Others<br>Similarly Situated, | )<br>)<br>)<br>)<br>) | FILED IN OFFICE<br>APR 0 8 2014<br>DEPUTY ... COURT<br>... |
| | ) | |
|        Plaintiffs, | ) | CIVIL ACTION FILE NO. |
| | ) | 2C14CV244765 |
|        v. | ) | |
| | ) | |
| RMG CORPORATION, d/b/a THE MELTING POT,<br>MARK W. GUNN and ROBERT M.GUNN, SR., | )<br>) | JURY TRIAL<br>DEMANDED |
| | ) | |
|        Defendants. | ) | |

## COMPLAINT

COME NOW Plaintiffs, by and through their attorneys, and asserts their claims against Defendants under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq., for minimum wage compensation and other relief on the grounds set forth as follows:

## JURISDICTION AND VENUE

1.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b).

2.

Venue is appropriate in this Court as Defendant RMG Corporation has its registered agent in Fulton County.

## PARTIES

3.

Plaintiff Amy Anderson ("Anderson") is a current employee of Defendants, having been employed from on or about January 7, 2013 to date.

- 1 -

4.

Plaintiff Amber Heard ("Heard") is a current employee of Defendants, having been employed from on or about February 7, 2013 to date.

5.

Plaintiff Holly Castell ("Castell") is a current employee of Defendants, having been employed from on or about October, 2013 to date.

6.

Plaintiff Joshua Allen ("Allen") is a former employee of Defendants, having been employed from approximately 2010 until October, 2013.

7.

Plaintiff Jonathan Gillman ("Gillman") is a former employee of Defendants, having been employed from 2010 until November, 2013.

8.

Defendant RMG Corporation (hereinafter "Defendant RMG") is a domestic for profit corporation existing under the laws of the State of Georgia.  Defendant RMG may be served with process via service on its Registered Agent, Robert M. Gunn, Sr. at his business address of 3535 Newport Bay Drive, Alpharetta, Georgia 30005.

9.

Defendant RMG is subject to the personal jurisdiction of this Court.

10.

Defendant Mark W. Gunn is an owner and the Chief Financial Officer of Defendant RMG Corporation and is a resident of the State of Georgia.   Defendant Mark Gunn may be

served with process at his business address of 8295 Royal Melbourne Way, Duluth, Georgia 30097.

11.

Defendant Mark Gunn is subject to the personal jurisdiction of this Court.

12.

Defendant Robert Gunn, Sr. is an owner and the Chief Executive Officer of Defendant RMG Corporation and is a resident of the State of Georgia. Defendant Robert Gunn, Sr. may be served with process at his business address of 3535 Newport Bay Drive, Alpharetta, Georgia 30005.

13.

Defendant Robert Gunn, Sr. is subject to the personal jurisdiction of this Court.

## FACTUAL ALLEGATIONS COMMON TO THE PLAINTIFFS AND THE CLASS THEYREPRESENT

14.

Plaintiffs bring this action on behalf of themselves and all other similarly situated present and former employees of Defendants who consent to the representation, pursuant to 29 U.S.C. § 216(b).

15.

This action is brought by three current and two former employees of Defendants on behalf of all current and former employees who are or were employed by Defendants, for whom Defendant RMG has claimed the "tip credit allowance" provided by 29 U.S.C. § 2013(m) and were required to share those tips with employees who do not customarily and regularly receive tips, in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 et seq. (herein referred to as "FLSA").

- 3 -

16.

Plaintiffs and the class they represent were and/or are employees engaged in commerce as servers employed at Defendant RMG Corporations restaurants, which does business as "The Melting Pot" restaurants.

17.

The Melting Pot restaurant is a nation-wide franchise of fondue style restaurants.

18.

Defendant RMG Corporation owns and operates four (4) restaurants which do business under The Melting Pot name.

19.

Plaintiffs and the class they represents were and/or are employed by an enterprise engaged in commerce, *i.e.,* restaurants which are franchises of a nation-wide restaurant chain, as defined in FLSA § 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

20.

Plaintiffs and the class they represent were and/or are "employee[s]" of Defendant RMG Corporation as defined in 29 U.S.C. § 203(e)(1).

21.

Defendants are primarily engaged in serving food and drink at four (4) restaurants doing business under the name "The Melting Pot".

22.

Upon information and belief, in 2011, Defendant RMG Corporation had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

- 4 -

23.

Upon information and belief, in 2012, Defendant RMG Corporation had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

24.

Upon information and belief, in 2013, Defendant RMG Corporation had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

25.

Upon information and belief, in 2014, Defendant RMG Corporation had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

26.

Plaintiffs and the class they represent were each paid $2.13 per hour and did not receive a salary.

27.

Plaintiffs and each member of the class they represent were not guaranteed at least $455.00 per week in wages.

28.

Plaintiffs' work period, and that of each member of the class they represents consisted of a seven day calendar week.

29.

The work period for Plaintiffs and the class they represent began on Sunday and ended on Saturday.

30.

The work done by Plaintiffs and the class they represent were an integral and essential part of Defendants' business.

31.

Defendant RMG Corporation was and is an "employer" of Plaintiffs and the class they represent as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

32.

Defendant Mark Gunn was and is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) inasmuch as he was acting directly or indirectly in the interest of Defendant RMG Corporation in his interactions with Plaintiffs and the class they represent, and he controlled the terms and conditions of employment of Plaintiffs and the class they represent on a day to day basis.

33.

Specifically, Defendant Mark Gunn was and is an owner and the Chief Financial Officer of Defendant RMG Corporation and was the highest level management person at the business on a day to day basis.

34.

Defendant Mark Gunn had authority and exercised control over the finances and operations of the Company.

- 6 -

35.

Defendant Mark Gunn exercised managerial authority and control over the day to day business of Defendant RMG Corporation, including the Plaintiffs and other employees.

36.

Defendant Mark Gunn exercised the ultimate control over hiring and firing employees, including Plaintiffs.

37.

Defendant Mark Gunn controlled employee work schedules and conditions of employment of Plaintiffs and the class they represent.

38.

Defendant Mark Gunn determined the pay rate and the method of pay for employees.

39.

Defendant Mark Gunn had authority and control over Defendant RMG Corporation's common policy of requiring the employees for whom it claimed the "tip credit allowance" and who were paid $2.13 per hour plus tips, including Plaintiffs and the class they represent, to participate in a "tip pooling" arrangement.

40.

Defendant Robert Gunn, Sr. was and is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) inasmuch as he was acting directly or indirectly in the interest of Defendant RMG Corporation in his interactions with Plaintiffs and the class they represent, and he controlled the terms and conditions of employment of Plaintiffs and the class they represent on a day to day basis.

- 7 -

41.

Upon information and belief, Defendant Robert Gunn, Sr. is the person who initiated the improper tip sharing practice at Defendant RMG Corporation.

42.

Defendants required servers to contribute 3% of each server's sales each night to pay employees who did not regularly and customarily receive tips, such as cooks. This 3% payment came out of the servers' tips.

43.

Cooks do not regularly have interaction with customers of the restaurants.

44.

Defendant Mark Gunn had authority and control over Defendant RMG's common policy of requiring Plaintiffs and other properly tipped employees to pay a portion of their tips to employees who did not customarily and regularly receive tips.

45.

Defendant Robert Gunn, Sr. had authority and control over Defendant RMG's common policy of requiring Plaintiffs and other properly tipped employees to pay a portion of their tips to employees who did not customarily and regularly receive tips.

46.

Defendant RMG paid Plaintiffs and its servers $2.13 per hour, plus tips.

47.

The cooks who received a portion of the tips of the servers were not and are not employees who are engaged in an occupation in which they regularly and customarily receive at least $30.00 in tips per month.

- 8 -

48.

By permitting employees who are not engaged in an occupation in which they customarily and regularly receive tips to receive a portion of the tips paid to servers, Defendants have violated 29 U.S.C. § 203(m) and are not entitled to take the tip credit allowance provided under the FLSA.

49.

Defendants would also pay its servers $2.13 per hour for time periods in which it had these employees perform work which provided no opportunity to receive tips and which were not related to the tipped occupation, such as training other employees or cleaning the restaurant for hours while it is closed.

50.

Plaintiffs and the class they represent were not subject to any exemption from the minimum wage pay requirements of the FLSA.

51.

Defendants have failed to meet the requirements for any of the exemptions from application of the minimum wage requirements of the Fair Labor Standards Act under 29 U.S.C. §§ 206 or 213.

52.

Plaintiffs and each member of the class they represent are required to be compensated by defendants at the full minimum wage rate of $7.25 per hour for each hour worked up to forty in any and every given workweek.

53.

Defendants knew or should have known that the tip credit allowance was improperly applied to Plaintiffs and the class they represent when Defendants required servers to pay a portion of their tips to employees who do not regularly and customarily receive tips.

54.

Upon information and belief, by requiring servers to pay a portion of their tips to employees who do not regularly and customarily receive tips, while still claiming the tip credit allowance for the servers, Defendants have not relied on any letter ruling from the Department of Labor indicating that such practice was permitted under the FLSA.

55.

Upon information and belief, by requiring servers to pay a portion of their tips to employees who do not regularly and customarily receive tips, while still claiming the tip credit allowance for the servers, Defendants have not relied on any legal advice indicating that such practice was permitted under the FLSA.

56.

Defendants have failed and refused to adequately compensate Plaintiffs and the class they represent at the legally required minimum wage for all work hours up to forty (40) in any and every given workweek, and have willfully refused to rectify the situation.

57.

Defendants are liable to Plaintiffs and to each member of the class they represent for compensation for any and all time worked up to forty (40) hours per week at the minimum wage rate of $7.25 per hour, plus the return of all tips improperly collected from Plaintiffs.

58.

Defendants' conduct constitute willful violations of 29 U.S.C. §§ 206 and 215 of the FLSA, entitling Plaintiffs and the class they represent to all relief afforded under the FLSA, including the application of a three (3) year statute of limitations, the award of liquidated damages, and attorneys' fees and costs of litigation pursuant to 29 U.S.C. § 216.

## CLAIMS FOR RELIEF

### COUNT ONE

### VIOLATION OF 29 U.S.C. §§ 206 AND 215 ASSERTED BY ALL PLAINTIFFS

59.

Paragraphs 1 through 58 are incorporated herein by this reference.

60.

Defendants' failure to compensate Plaintiffs and the class they represent at the minimum wage rate of $7.25 per hour for time actually worked up to forty (40) hours per week is a violation of §§ 206 and 215 of the Fair Labor Standards Act of 1938, as amended. Such violation is intentional and willful. Said violation gives rise to a claim for relief under the FLSA for unpaid minimum wage compensation for three years prior to the filing of this Complaint, through the date of judgment in this action, liquidated damages in an amount equal to the unpaid compensation, declaratory relief, and reasonable attorneys' fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

### COUNT TWO

### VIOLATION OF 29 U.S.C. §§ 207 AND 215 ASSERTED BY PLAINTIFF HOLLY CASTELL

61.

Paragraphs 1 through 60 are incorporated herein by this reference.

62.

Plaintiff Castell occasionally worked over forty (40) hours per week for Defendants, including, but not limited to, working overtime during the pay periods 2/2/14 to 2/15/14 and 2/16/14 to 3/1/14.

63.

Defendants paid Plaintiff Castell and other servers for the overtime hours worked at a rate of $5.755 per hour.

64.

Defendants were legally required to pay Castell and other servers for all overtime hours worked at the overtime pay rate of $10.875 per hour.

65.

Even if Defendants are legally permitted to avail themselves of the tip credit allowance, which they are not, Defendants are required to pay Castell and the other servers at the overtime rate of $8.745 per hour for all overtime hours worked by them.

66.

Defendants have failed and refused to adequately compensate Plaintiff Castell and the class she represents at the legally required overtime wage for all work hours over forty (40) in any and every given workweek, and have willfully refused to rectify the situation.

67.

Upon information and belief, by paying servers the overtime pay rate of $5.755 per hour, Defendants have not relied on any letter ruling from the Department of Labor indicating that such practice was permitted under the FLSA.

- 12 -

68.

Upon information and belief, by paying servers the overtime pay rate of $5.755 per hour, Defendants have not relied on any legal advice indicating that such practice was permitted under the FLSA.

69.

Defendants' failure to compensate Plaintiff Castell and the class she represents at the overtime rate $10.875 per hour for time actually worked over forty (40) hours per week is a violation of §§ 207 and 215 of the Fair Labor Standards Act of 1938, as amended.  Such violation is intentional and willful.  Said violation gives rise to a claim for relief under the FLSA for unpaid overtime wage compensation for three years prior to the filing of this Complaint, through the date of judgment in this action, liquidated damages in an amount equal to the unpaid compensation, declaratory relief, and reasonable attorneys' fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

**WHEREFORE**, Plaintiffs request that this Court:

(a)     Take jurisdiction of this matter;

(b)     Permit this case to proceed as an FLSA collective action under 29 U.S.C. § 216(b) for those employees, past or present, who opt to participate by filing proper written notice with the Court;

(c)     Issue an Order holding each of the Defendants to be an "employer" as that term is defined under the FLSA;

(d)     Grant a trial by jury as to all matters properly triable to a jury;

(e)     Issue a judgment declaring that Plaintiffs and the class they represent were covered by the provisions of the FLSA and that Defendants have failed to comply

- 13 -

with the requirements of the FLSA;

(f)     Award each Plaintiff proper payment for each hour worked from April 7, 2011 through the date judgment is entered, calculated at the minimum wage rate of $7.25 per hour less the $2.13 per hour actually paid to Plaintiffs by Defendants, and liquidated damages equaling 100% of the minimum wages due to each Plaintiff, as required by the FLSA;

(g)     Award each Plaintiff the amount of all tips improperly collected by Defendants, and liquidated damages equaling 100% of the amount of the improperly collected tips;

(h)     Award each member of the class Plaintiffs represent proper payment for each hour worked from three years preceding each class member's joining of this collective action, calculated at the minimum wage rate of $7.25 per hour less the $2.13 per hour actually paid to that class member by Defendants, and liquidated damages equaling 100% of the minimum wages due to such class member, as required by the FLSA;

(i)     Award each member of the class Plaintiffs represent the amount of all tips improperly collected by Defendants, and liquidated damages equaling 100% of the amount of the improperly collected tips;

(j)     Award Plaintiff Castell overtime pay in the amount of $5.12 per hour for each hour worked in excess of forty (40) in each and every workweek, and liquidated damages equaling 100% of this amount;

(k)     Award each member of the class Plaintiffs represent overtime pay in the amount of $5.12 per hour for each hour worked in excess of forty (40) in each and every

workweek, and liquidated damages equaling 100% of this amount;

(l)     Award Plaintiffs' and each member of the class they represent, prejudgment interest on all amounts owed;

(m)    Award Plaintiffs and each member of the class they represent, nominal damages;

(n)    Award Plaintiffs and each member of the class they represent, their reasonable attorneys' fees and costs of litigation; and

(o)    Award any and such other further relief this Court deems just, equitable and proper.

Respectfully submitted, this 7th day of April, 2014.

Mitchell D. Benjamin
Georgia Bar No. 049888

BILLIPS & BENJAMIN LLP
One Tower Creek, Suite 190
3101 Towercreek Parkway
Atlanta, Georgia 30339
(770) 859-0751 Telephone
(770) 859-0752 Facsimile
benjamin@bandblawyers.com

ATTORNEYS FOR PLAINTIFFS

- 15 -