# RELEASE, COVENANT NOT TO SUE, AND SETTLEMENT AGREEMENT

## ARTICLE I.

### Preamble

This Release, Covenant Not to Sue, and Settlement Agreement (the "Agreement") is entered into by and between Amy Anderson, Amber Heard, Holly Castell, Joshua Allen, Jonathan Gillman, Patricia Streicher, Joey Otayek, William Whipple, Jr., and Morgan Skipper individually, together with their heirs, agents, legal representatives, successors, and assigns (collectively, "Plaintiffs") and on the other hand, RMG Corporation, Robert M. Gunn, Sr., and Mark W. Gunn, together with their respective heirs, agents, legal representatives, successors, assigns, predecessors, affiliates, subsidiaries, parent companies, DBA's, insurers, subcontractors, contractors, employees, former employees, directors, shareholders, members and any other related entities (hereinafter, "Defendants") (collectively "Parties").

## ARTICLE II.

### Purpose

The rights and obligations set forth in this document are for the purpose of conclusively resolving and settling all wage disputes between Defendants and Plaintiffs, including, but not limited to, any claims for relief that could have been made in the wage and hour lawsuit brought against Defendants, Civil Action No. 1:14-CV-01551-AT; <u>Anderson, et al. v. RMG Corporation, et al.</u> (hereinafter the "Lawsuit") as of the effective date hereof. It is a further and equal purpose of this Agreement to resolve any and all disputes, controversies, or claims that arise out of facts alleged in the Lawsuit.

## ARTICLE III.

### Facts

Parties stipulate to certain facts that relate to disputed claims and controversies between them as follows:

<u>Section 3.1</u>: Defendants deny any and all alleged violations of law, and any and all liability for the claims of Plaintiffs alleged in the Lawsuit or otherwise.

<u>Section 3.2</u>: The terms of this Agreement are the product of negotiations between the Parties, and the Parties stipulate that the consideration given to support the obligations of this Agreement is the full consideration agreed to, and that neither has received any other promises, inducements, or concessions in support of the duties imposed.

<u>Section 3.3</u>: By entering into this Agreement, Defendants and Plaintiffs stipulate and agree that, among other things, they have resolved and settled any and all wage claims that were

or could have been made to date between them in any legal forum, or otherwise arising out of Plaintiffs' employment and/or separation with Defendants including all claims that were or could have been brought in the Lawsuit. Defendants and Plaintiffs further stipulate and agree that entry into this Agreement does not constitute, for any purpose whatsoever, either directly or indirectly, an admission of any violation of law or contract or any other legal obligation whatsoever. This Agreement is entered into by Defendants and Plaintiffs solely to avoid the expenses and uncertainties of litigation, and represents the compromise of disputed and contingent claims.

## ARTICLE IV.

### Consideration

Section 4.1: The total consideration given by Defendants to Plaintiffs under this Agreement shall be $141,498.92 (the "Payment"). The Payment shall be paid in two equal installments of $70,749.46. The first installment shall be paid within ten (10) days after approval of the settlement by the Court. The second installments shall be paid on or before February 1, 2015, so long as the settlement has been approved by the Court. The Payment shall be allocated as follows:

(a)     Payment to Plaintiffs as follows:

| | |
|---|---|
| Amy Anderson | $9,476.46 |
| Amber Heard | $8,061.74 |
| Holly Castell | $3,816.40 |
| Joshua Allen | $17,690.29 |
| Jonathan Gillman | $22,484.16 |
| Patricia Streicher | $24,496.23 |
| Joey Otayek | $18,917.82 |
| William Whipple | $2,124.89 |
| Morgan Skipper | $4,680.93 |

The payments to each of the Plaintiffs will be divided into two (2) equal parts. One half of each total amount for each individual will be designated as unpaid wages and subject to federal employment taxes including income tax withholding (using the last W-4 on file with the company) and FICA tax. This payment will be reported on IRS Form W-2 for the calendar year in which it is paid, along with any other compensation paid to Plaintiffs while employed by Defendants during that same year. The second half of each total award will be will be reported by Defendant on IRS Form 1099-MISC as "other income" for the year in which it is paid. No taxes will be taken from this portion of the settlement amount; and

(b)     Payment in the total amount of $29,750 for attorneys' fees and costs, payable to Billips & Benjamin LLP (Tax ID number 26-3852733). The payment of attorneys fees and costs shall be made in two (2) equal payments of $14,875.00 and shall be made at the time payment is made to each of the Plaintiffs as stated in Section 4.1(a).

Section 4.2:  The consideration under Section 4.1 will be delivered to Plaintiffs' counsel of record in sufficient time to arrive by the deadlines set forth above.

Section 4.3:  This consideration is intended to satisfy any and all claims of Plaintiffs for unpaid wages and overtime as recited herein.  Additionally, Plaintiffs acknowledge that this consideration is a fair compromise of disputed claims for all back wages and overtime that Plaintiffs claim they are owed.

## ARTICLE V.

### Release and Covenants Not to Sue

Section 5.1:  For and in consideration of the required acts and promises set forth in the text of this Agreement, including specifically the confidentiality provision in Section 6.1, Plaintiffs hereby release all wage and hour claims asserted in the Lawsuit under state or federal law and include all claims under federal law or state law for unpaid overtime wages, interest on such claims, liquidated damages, attorneys' fees, and expenses and costs related to such claims.

Section 5.2:  The Parties will file a joint motion seeking approval of this Agreement and for dismissal of the case with prejudice upon full payment of all sums required to be paid pursuant to this Agreement.  The Parties will request that this Court administratively close this case, but retain jurisdiction over its enforcement until all sums due are paid.

Section 5.3:  Defendants shall be jointly and severally liable for all payments required of Defendants pursuant to this Agreement.  In the event of non-payment, the Named Plaintiffs, Opt-In Plaintiffs, and Plaintiffs' Counsel shall have the right to seek payment from any or all Defendants.

Section 5.4: Plaintiffs and Defendants shall bear their respective costs and expenses, including attorneys' fees except as specified in Section 4.1 *supra*.  Plaintiffs agree not to reinstitute, or refile any of those claims or the otherwise released claims in any court or other legal forum whatsoever, nor shall any other court actions or other legal proceedings of any type seeking monetary recovery for Plaintiffs be filed that are based on the facts alleged in the Lawsuit.

Section 5.5:  In addition, but not as a limitation, Plaintiffs specifically agree:  (A) that any claims Plaintiffs have or might have pertaining to Defendants' wage payment practices arising under any municipal, state, or federal law as of the date of this agreement are completely settled; and (B) that Plaintiffs will withdraw and/or dismiss any pending complaints, charges, claims, or causes of action that may have been filed against Defendants with any municipal, state, or federal government agency or court.

## ARTICLE VI.

### Miscellaneous

Section 6.1:  Plaintiffs agree that they will not disclose or publish or cause to be disclosed or published the amount of, existence of, or content of the terms of this Agreement, or the terms

of settlement, or the discussions and circumstances preceding this Agreement to any entity or person whatsoever, including current and former employees of Defendants, except as otherwise required by law. This obligation of confidentiality specifically includes the amount paid by Defendants, the amount received by any or all Plaintiffs, and the amount of attorneys' fees. Plaintiffs acknowledge and agree that if they are found by a Court to have breached this provision, then Defendants shall be entitled to seek recovery of their actual damages and attorneys' fees.

This section shall not limit Plaintiffs' right to disclose the existence of this Agreement, including its terms and amount, to their tax preparers and attorneys, or as otherwise required by law. Plaintiffs agree that if they disclose any such information to their tax preparers or attorneys, or as otherwise required by law, they will advise that person or entity of the terms of the confidentiality provision of this Agreement.

Section 6.2: The Parties agree that they will not in any way disparage, defame, libel, slander, place in a negative light, or in any other way harm or attempt to harm the reputation, goodwill or commercial interest of one another to any person, including but not limited to current or former customers and employees, employers, or members of the media.

Section 6.3: Plaintiffs agree that they will not permit themselves to be a member of any class or group seeking relief against Defendants in any matter relating to their wages from Defendants.

Section 6.4: Upon dismissal of the Lawsuit, the doctrines of *res judicata* and collateral estoppel shall apply to all claims of Plaintiffs with respect to all issues of law that were raised or could have been raised in the Lawsuit.

Section 6.5: This document contains the entire agreement between the Parties hereto, and supersedes any and all prior agreements or understandings, written or oral, as to the matters covered. No modifications or amendments to any of the terms, conditions, or provisions hereof may be enforced unless evidenced by a subsequent written agreement executed by all Parties hereto.

Section 6.6: Except to the extent governed by Federal law, the laws of the State of Georgia shall govern the validity, construction, and enforcement of this Agreement.

Section 6.7: Plaintiffs represent and warrant that they have not sold, assigned, transferred, conveyed or otherwise disposed of to any third party, by operation of law or otherwise, any action, cause of action, debt, obligation, contract, agreement, covenant, guarantee, judgment, damage, claim, counterclaim, liability, or demand of any nature whatsoever, relating to any matter covered by this Agreement. This Agreement and all obligations imposed by it shall be binding upon, and all benefits of this Agreement shall inure to the benefit of, the Parties and their respective spouses, children, offspring, heirs, trustees, executors, administrators, successors, and assigns.

Section 6.8: Plaintiffs acknowledge that they were advised to and did consult with an attorney before signing this Agreement. Plaintiffs represent and warrant that they are of lawful age; that they have been given sufficient time to consider this Agreement; that they have read

this Agreement in its entirety and understand the meaning and application of each of its paragraphs; and that they are signing of their own free will with the intent of being bound by this Agreement.

Section 6.9: In the event either party hereunder initiates litigation to enforce this Agreement, it is mutually agreed that venue of any such litigation shall be proper only in Atlanta, Fulton County, Georgia.

Section 6.10: Each party has been given an opportunity to participate in the drafting and preparation of this Agreement. Therefore, in any construction to be made of this Agreement, the same shall not be construed against any party.

Section 6.11: If any provisions of this Agreement are held to be illegal, invalid or unenforceable under present or future laws, any such provision(s) shall be fully severable. In that event, the remainder of this Agreement shall thereafter be construed and enforced as if such illegal, invalid, or unenforceable provision(s) had never comprised a part hereof. In such case, the remaining provision(s) of this Agreement shall continue in full force and effect and shall not be affected by any such illegal, invalid, or unenforceable provision(s) or by severance from this Agreement.

Section 6.12: Unless otherwise agreed to by the Parties, all Notices under this Agreement shall be made by (a) electronic mail, and (b) U.S. Certified Mail or private overnight delivery service (e.g., Fed Ex or UPS). Unless otherwise specifically provided in this Agreement, all notices, demands, and other communications shall be in writing and shall be deemed to have been duly given as of the date of actual receipt as evidence by delivery confirmation or three days after mailing, so long as electronic mail is also sent. Communications directed to the Named Plaintiffs and Opt-in Plaintiffs shall be sent to Mitchell D. Benjamin (benjamin@bandblawyers.com), Billips & Benjamin LLP, One Tower Creek, 3101 Towercreek Parkway, Suite 190, Atlanta, Georgia 30339. Communications directed to Defendants shall be sent to Adam S. Katz (adam@katzlitigation.com), Katz Litigation Group, LLC, 200 Galleria Parkway SE, Suite 1805, Atlanta, Georgia 30339.

Section 6.13: The waiver by any party hereto of a breach of any provision of this Agreement shall not operate or be construed as a waiver of any subsequent breach by any party, nor shall any waiver operate or be construed as a rescission of this Agreement. No breach of this Agreement shall permit the non-breaching party to repudiate this Agreement or refuse or fail to perform any obligation required hereunder.

Section 6.14: This Agreement may be executed in counterparts and when each Party has signed and delivered at least one such counterpart, each counterpart will be deemed an original and, when taken together with the other signed counterparts, will constitute one Agreement, which will be binding upon and effective as to all parties, subject to Court approval. A facsimile or scanned copy of a signature of a Party to this Agreement shall be as acceptable as an original.

Section 6.15: This Agreement is dated as of the date first written and is effective when signed by the Parties.

IN WITNESS WHEREOF, the Parties hereto have executed this Release, Covenant Not to Sue, and Settlement Agreement on the dates set forth below.

RMG CORPORATION

By: _Robert M. Gunn_  Date: 9/20/2014

Title: _PRESIDENT_

_Robert M. Gunn_  Date: 9/20/2014
ROBERT M. GUNN, SR.

_____
MARK GUNN          Date:

[SIGNATURES CONTINUED ON FOLLOWING PAGES]

IN WITNESS WHEREOF, the Parties hereto have executed this Release, Covenant Not to Sue, and Settlement Agreement on the dates set forth below.

RMG CORPORATION

By: _____

                                                  Date: _____

Title


_____
ROBERT M. GUNN, SR.    Date:

*/s/ Mark Gunn*    9/20/14
_____
MARK GUNN    Date:

[SIGNATURES CONTINUED ON FOLLOWING PAGES]

_____  9/12/14
AMY ANDERSON                Date:

[SIGNATURES CONTINUED ON FOLLOWING PAGES]

_____Amber P. Heard_____ 9/12/14
AMBER HEARD   Date:

[SIGNATURES CONTINUED ON FOLLOWING PAGES]

_____  9-8-14
JOSHUA ALLEN          Date:

[SIGNATURES CONTINUED ON FOLLOWING PAGES]

RELEASE, COVENANT NOT TO SUE, AND SETTLEMENT AGREEMENT         PAGE 9

_Holly C. Castell_  Sept 4, 2014
HOLLY CASTELL                Date:

[SIGNATURES CONTINUED ON FOLLOWING PAGES]

_____
JONATHAN GILLMAN    Date: 9/3/2014

[SIGNATURES CONTINUED ON FOLLOWING PAGES]

09/02/2014  14:55    678-442-8072              FEDEX OFFICE      0895                PAGE  02

*Patricia Streicher*     9-2 2014
PATRICIA STREICHER   Date:

[SIGNATURES CONTINUED ON FOLLOWING PAGES]

09/02/2014 12:28 FAX ☒001

_____  09-02-14
JOE YOTAYEK                Date:

[SIGNATURES CONTINUED ON FOLLOWING PAGES]

09/02/2014 12:28 FAX

_William Whipple, Jr._  Date: 9/2/2014
WILLIAM WHIPPLE, JR.

[SIGNATURES CONTINUED ON FOLLOWING PAGE]

09/04/2014  15:03    7703072909                PUBLIX COMM AREA 480                PAGE  02/02

MORGAN SKIPPER  Date:
*Morgan Skipper* 9/3/14
[END OF SIGNATURES]

RELEASE, COVENANT NOT TO SUE, AND SETTLEMENT AGREEMENT                           PAGE 15